effects proper service of the defendants herein, this Court is without personal jurisdiction over any of the defendants, and a three-judge court is not required.

Accordingly, Attorney DeWitt's sixth claim is **DISMISSED** and his motion to refer the case to the chief judge of the circuit for the appointment of a three-judge panel is **DENIED**. Attorney DeWitt may seek leave to amend this claim (and only this claim).

## CONCLUSION

For the reasons stated above, all of Attorney DeWitt's claims are hereby **DISMISSED**.[4] He shall have **FOURTEEN DAYS** from the date of this order to seek leave to amend his sixth claim, for vote dilution. To be clear, Attorney DeWitt may *not* seek leave to amend any other claim.

Although Attorney DeWitt might ordinarily be granted leave to amend as to the other claims for which he lacks standing (claim three against Former Governor Arnold Schwarzenegger and Speaker of the House Paul Ryan and claim nine against Clerk of the Supreme Court Scott S. Harris), the claims against those parties are improperly joined with Attorney DeWitt's claims against Secretary of the State Alex Padilla and the California Citizens Redistricting Commission which neither arise from the same transaction or occurrence nor present common questions of law or fact. Rule 20(a)(2). Attorney DeWitt should *not* serve any defendant in this action until, if ever, leave to amend his complaint is granted.

Attorney DeWitt's motion to refer the case to a three-judge panel is **DENIED**. This is without prejudice to a renewed motion if leave to amend is granted and once the defendants have been served. Such motion should be filed and noticed for a hearing on the normal thirty-five day calendar.

**IT IS SO ORDERED.**

Dated:   January 12, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[4] Attorney DeWitt's tenth claim is not an independent claim but rather a summary of the other claims and a prayer for relief.

9