IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY A. DEWITT,<br><br>    Plaintiff,<br><br>  v.<br><br>HON. PAUL RYAN, Speaker of the United States House of Representatives, CALIFORNIA CITIZENS REDISTRICTING COMMISSION, a California agency, ALEX PADILLA, Secretary of the State of California, ARNOLD SCHWARZENEGGER, Former Governor of the State of California, an individual, SCOTT S. HARRIS, Clerk of the Supreme Court of the United States, and DOES 1 through 100,<br><br>    Defendants.<br> / | No. C 15-05261 WHA<br><br>**ORDER *SUA SPONTE* DISMISSING COMPLAINT AND DENYING PLAINTIFF'S MOTION TO APPOINT A THREE-JUDGE PANEL** |

**INTRODUCTION**

In this action involving constitutional challenges to certain election laws, plaintiff has moved to convene a three-judge panel to review the action. For the reasons stated below, plaintiff's claims are *sua sponte* **DISMISSED**. Plaintiff may seek leave to amend only his sixth claim. Plaintiff's motion to refer the case to a three-judge panel is **DENIED**.

**STATEMENT**

Plaintiff Timothy A. DeWitt is an attorney representing himself in this matter. He wishes to become a candidate for California's congressional delegation by running for multiple seats in the House of Representatives (up to all fifty-three seats in California) simultaneously

during the same election. He also wishes to become a candidate for the congressional seat in the 1st Congressional District of Wisconsin, currently occupied by defendant Speaker of the House of Representatives Paul Ryan. Finally, he wishes to vote in California congressional districts other than the one in which he resides, which he currently attempts to do by writing in the name of the candidate and the district in which he wishes to vote.

Attorney DeWitt brings claims under Section 1983 and for declaratory judgment arising from various alleged constitutional violations of defendants Speaker Ryan, Former Governor of California Arnold Schwarzenegger, California Citizens Redistricting Commission, Secretary of the State of California Alex Padilla, and Clerk of the United States Supreme Court Scott Harris. Two of his claims purport to relate to constitutionality of the apportionment of congressional districts, for which he requests a three-judge panel be convened pursuant to Section 2284 of Title 28 of the United States Code.

This is Attorney DeWitt's third suit seeking review by a three-judge panel. *See DeWitt v. Foley*, No. 92-510 (N.D. Cal.) (Judge Charles A. Legge); *DeWitt v. Wilson*, No. 93-535 (E.D. Cal.) (Judge Procter Ralph Hug, Jr.).

This order follows two briefs submitted by Attorney DeWitt and a hearing at which he submitted on the papers.[1]

**ANALYSIS**

Attorney DeWitt raises ten claims arising out of various unrelated events. A "court may *sua sponte* dismiss an action for failure to state a claim without notice or an opportunity to respond where plaintiff cannot possibly win relief." *Gambill v. United States*, 554 Fed. Appx. 558 (9th Cir. 2014) (citing *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988)).[2] Several of the claims herein rely on legal theories that have been plainly foreclosed by

---

[1] No defendants appeared at the hearing. Only Speaker Ryan and Harris have been served to date (Dkt. No. 14). Neither has made an appearance in this action.

[2] No decision since *Sparling* that has applied this rule has been selected for publication in West's Federal Reporter. Nevertheless, several decisions that appear in the Federal Appendix, which may be cited as precedent pursuant to FRAP 32.1, have cited and applied this holding in *Sparling*. *E.g.*, *Howze v. Tanaka*, 585 Fed. Appx. 379, 379 (9th Cir. 2014); *Karboau v. Clark*, 577 Fed. Appx. 678, 679 (9th Cir. 2014); *Shoop v. Deutsche Bank Nat. Trust Co.*, 465 Fed. Appx. 646, 647 (9th Cir. 2012).

Supreme Court precedent, such that our plaintiff cannot possibly win relief. The remaining claims fail for lack of standing. All claims are therefore **DISMISSED**. Leave to amend may only be sought as to the sixth claim, inasmuch as the remaining claims are improperly joined. Each claim is now discussed in turn.

### 1. SINGLE-MEMBER DISTRICT CLAIM.

Attorney DeWitt's first claim is against Speaker Ryan for allegedly enforcing Section 2c of Title 2 of the United States Code, which mandates that all states' congressional delegations must be elected by single-member districts. Attorney DeWitt contends that Speaker Ryan's enforcement of Section 2c violates the Elections Clause, the Tenth Amendment, and the Due Process Clauses of the Fifth and Fourteenth Amendments by stripping state legislatures of discretion to elect their delegations according to their own prerogatives.

Attorney DeWitt seeks declaratory and injunctive relief against Speaker Ryan that, as Speaker of the House, he must recognize individuals that satisfy the Qualifications Clause of the Constitution even though they may have been elected from a state that conducted its elections in violation of Section 2c. That is, he seeks assurance that if he manages to convince California to elect all of its delegates from a single statewide district (without regard to Section 2c), Speaker Ryan would find him qualified as a member of the House of Representatives, because, he contends, Section 2c is unconstitutional.

Attorney DeWitt's claim is plainly foreclosed by Section 4 of Article I of the Constitution, which provides that "Congress may at any time by Law make or alter such Regulations [as the manner of elections for Senators and Representatives], except as to the Place of chusing Senators." The Supreme Court has explicitly found that Section 2c falls within that authority: "Congress, as the text of the Constitution also provides, may set further requirements, and with respect to districting it has generally required single-member districts." *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 415 (2006) (citing 2 U.S.C. 2c).

Attorney DeWitt's first claim is frivolous and is hereby **DISMISSED**.

### 2. INELIGIBILITY CLAUSE CLAIM.

Attorney DeWitt's second claim seeks declaratory judgment that Speaker Ryan cannot occupy both the office of Speaker of the House and his individual seat as a Representative, inasmuch as such practice allegedly violates Section 6 of Article I of the Constitution, which provides, "[N]o person holding any office under the United States, shall be a member of either House during his continuance in office."

The Supreme Court foreclosed Attorney DeWitt's theory more than a century ago:

> Unless a person in the service of the government, therefore, holds his place by virtue of an appointment by the president, or of one of the courts of justice or heads of departments authorized by law to make such an appointment, he is not, strictly speaking, an officer of the United States.

*United States v. Mouat*, 124 U.S. 303, 307 (1888). The Speaker of the House is chosen by the House of Representatives, not by any of the procedures delineated in *Mouat*. Accordingly, Attorney DeWitt's second claim plainly fails and is hereby **DISMISSED**.

### 3. PRESIDENTIAL QUALIFICATIONS.

Attorney DeWitt's third claim is against Speaker Ryan and Former Governor Schwarzenegger. Attorney DeWitt alleges that Former Governor Schwarzenegger would like to serve as President and would contend that he is a "natural born citizen," for the purposes of the Presidential Qualifications Clause of the Constitution. Attorney DeWitt has not alleged that Former Governor Schwarzenegger is currently a candidate for President (as a matter of fact he is not).

To the extent comprehensible, Attorney DeWitt seeks declaratory judgment that Former Governor Schwarzenegger could not become President, should he ultimately decide to seek that office. Plainly, Attorney DeWitt lacks standing under Article III, inasmuch as any injury he could allege is not "actual or imminent" but "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Thus, Attorney DeWitt's third claim is hereby **DISMISSED**.

### 4. REDISTRICTING COMMISSION.

Attorney DeWitt contends that defendant California Citizens Redistricting Commission lacked authority to enact a redistricting plan, inasmuch as it is not the "Legislature" of the state, which the Constitution vested with the authority to regulate the times, places, and manner of elections for Congress. The Supreme Court held that a state may use an independent redistricting commission, vested with authority by citizen initiative, to conduct redistricting in *Arizona State Legislature v. Arizona Indep. Redistricting Commission*, 576 U.S. __, 135 S. Ct. 2652, 2677 (2015). The Commission herein was created by citizen initiative. *See* Initiative Measure (Prop. 11, § 3.2, approved Nov. 4, 2008, eff. Nov. 5, 2008); Initiative Measure (Prop. 20, § 3.1, approved Nov. 2, 2010, eff. Nov. 3, 2010). Accordingly, Attorney DeWitt's fourth claim is directly foreclosed by Supreme Court precedent and is hereby **DISMISSED**.

### 5. DISTRICT RESIDENCY REQUIREMENTS FOR VOTERS.

Attorney DeWitt's fifth claim is premised on the notion that district residency requirements for voters violate the Voter Qualifications Clause of the Constitution and impose a *de facto* district residency requirement for candidates. District residency requirements for voters, provided they do not include a *durational* requirement, do not violate the Constitution. *Dunn v. Blumstein*, 405 U.S. 330, 343–44 (1972) ("An appropriately defined and uniformly applied requirement of bona fide residence may be necessary to preserve the basic conception of a political community, and therefore could withstand close constitutional scrutiny."). Accordingly, Attorney DeWitt's fifth claim is hereby **DISMISSED**.

### 6. ONE OFFICE REQUIREMENT.

Attorney DeWitt's eighth claim is that California's requirement, pursuant to Section 8003(b) of the California Elections Code, that an individual may only run as a candidate for one congressional district in the state for a single election imposes an additional qualification on representatives, in violation of the Qualifications Clause. In *Storer v. Brown*, 415 U.S. 724, 733 (1974), the Supreme Court considered the precursor to Section 8003(b), which also prohibited individuals from running multiple candidacies in the same election. That decision upheld the statute in question on the basis that California had "an interest, if not a duty, to protect the

integrity of its political processes from frivolous or fraudulent candidacies." *Ibid.* (quoting *Jenness v. Fortson*, 403 U.S. 431, 442 (1971)). So too here. Attorney DeWitt's challenge to Section 8003(b) fails and is therefore **DISMISSED**.

### 7. SUPREME COURT PROCEDURE CLAIM.

Attorney DeWitt's ninth claim is against Clerk of the Supreme Court, Scott S. Harris, for enforcing Supreme Court Rule 18, which details the procedures for direct appeals to the Supreme Court. Specifically, he contends that the Supreme Court's procedure permitting summary disposition on the merits on a motion to dismiss or affirm (*i.e.*, without full briefing or receipt of the record). Attorney DeWitt contends the procedure violates the constitution because the Supreme Court is not authorized to make rules that limit its appellate jurisdiction and that only Congress can prescribe rules for the Supreme Court's procedures.

Attorney DeWitt has failed to plead any injury as a result of Harris's enforcement of the Supreme Court's procedures (which the Supreme Court established pursuant to authority delegated by Congress pursuant to Section 2071 of Title 28 of the United States Code). Accordingly, he lacks standing, and his claim must therefore be **DISMISSED**.

### 8. DISTRICTS DRAWN ACCORDING TO TOTAL POPULATION.

Attorney DeWitt's sixth claim is that the state's redistricting plan violates the "one person, one vote" principle, inasmuch as certain districts have more eligible and actual voters than others because the districts are apportioned according to actual population, as opposed to eligible voters.[3] This, he alleges, results in districts with 450% as many eligible voters as others.

Attorney DeWitt has filed a request to convene a three-judge panel to adjudicate this entire action (not just the apportionment claims) pursuant to Section 2284 of Title 28 of the United States Code. Section 2284 provides, in pertinent part:

---

[3] Attorney DeWitt also contends that his vote is diluted because Secretary Padilla allegedly fails to investigate whether individuals that claim the right to vote by producing a birth certificate are in fact entitled to vote. That aspect of claim six does not pertain to apportionment, so it does not require a three-judge panel. Nevertheless, it suffers from the same standing defect as the remainder of the claim. Moreover, that allegation is entirely conclusory, so it is not entitled to the presumption of truth.

6

> (a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.
>
> (b) In any action required to be heard and determined by a district court of three judges under subsection (a) of this section, the composition and procedure of the court shall be as follows:
>
>> (1) Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding.

Although a single-judge district court has limited ability to review a request for a three-judge panel on the merits, "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro v. McManus*, 577 U.S. __, 136 S. Ct. 450, 455 (2015) (quoting *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 100 (1974)). A single judge may also dismiss a complaint in which a three-judge panel is requested if it is "wholly insubstantial and frivolous." *Ibid.*

The substance of the apportionment aspect of claim six is premised on the same theory as that presented in *Evenwel v. Abbott*, No. 14-940 (S.Ct.), which is currently pending before the Supreme Court, so the theory of the claim is not wholly without substance. Nevertheless, Attorney DeWitt fails to allege that he has suffered an injury-in-fact and therefore lacks standing.

"[V]oters who allege facts showing disadvantage to themselves as individuals have standing to sue." *Baker v. Carr*, 369 U.S. 186, 206 (1962). Attorney DeWitt's claim is that voters in districts with a high number of actual voters have their votes diluted compared to those in other districts, which, he alleges, disadvantages members of the Republican Party.

Attorney DeWitt has not alleged that he lives in a district that suffers from vote dilution as a result of the allegedly improper districting plan in California, nor that he has been placed at a disadvantage in voting. The only "injury" that he alleges is that California elects its

7

1  congressional delegates with single-member districts (as required by Section 2c of Title 28 of
2  the United States Code, discussed above), rather than a single statewide district (which would,
3  necessarily, alleviate any concern about districts of unequal size). This, he contends, invades
4  his right to run for all fifty-three seats at once. As discussed above, he has no such right.

5  Moreover, Attorney DeWitt alleges that he is an "actual voter," but he further alleges
6  that it is his practice to "'write in' by hand by hand, in the area designated on the ballot for the
7  local Congressional election contest, both the specific Congressional district number and the
8  official ballot candidate's name for whom he desires to vote . . . ." (Compl. ¶ 9). Section 2000 of
9  the California Election Code provides that an individual is entitled to vote "at any election held
10 within the territory within which he or she resides and the election is held." Attorney DeWitt's
11 practice of using a ballot in one election to cast a vote in an election in a separate district,
12 particularly one in which he does not reside, violates that rule. Moreover, Section 15341
13 provides that a vote for a write-in candidate that has not complied with the procedure for write-
14 in candidacy set forth in Section 8600 shall not be counted. Attorney DeWitt has not alleged
15 that any candidate for whom he has sought to vote has complied with that procedure, much less
16 that such a candidate complied with that procedure in our plaintiff's district even though the
17 candidate sought election in a different district.

18 Attorney DeWitt's practice, then, is to intentionally submit ballots for elections in which
19 he is not entitled to vote. His conclusory allegation that he is an actual voter for the purposes of
20 standing is not entitled to a presumption of truth, nor can he contend that he has been
21 disadvantaged as a voter by any other means than his own invalid voting practice. Accordingly,
22 Attorney DeWitt lacks standing as a voter, and his sixth claim must be **DISMISSED**.

23 Even if Attorney DeWitt could allege an injury-in-fact sufficient to confer standing, it
24 would be premature to refer this case to the Chief Judge of the Ninth Circuit for the
25 appointment of a three-judge panel, inasmuch as the defendants named in his sixth claim
26 (Secretary Padilla and the Commission) have not been served. A federal court is without
27 personal jurisdiction over a defendant unless the defendant has been served in accordance with
28 Rule 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Until, if ever, Attorney DeWitt

effects proper service of the defendants herein, this Court is without personal jurisdiction over any of the defendants, and a three-judge court is not required.

Accordingly, Attorney DeWitt's sixth claim is **DISMISSED** and his motion to refer the case to the chief judge of the circuit for the appointment of a three-judge panel is **DENIED**. Attorney DeWitt may seek leave to amend this claim (and only this claim).

## CONCLUSION

For the reasons stated above, all of Attorney DeWitt's claims are hereby **DISMISSED**.[4] He shall have **FOURTEEN DAYS** from the date of this order to seek leave to amend his sixth claim, for vote dilution. To be clear, Attorney DeWitt may *not* seek leave to amend any other claim.

Although Attorney DeWitt might ordinarily be granted leave to amend as to the other claims for which he lacks standing (claim three against Former Governor Arnold Schwarzenegger and Speaker of the House Paul Ryan and claim nine against Clerk of the Supreme Court Scott S. Harris), the claims against those parties are improperly joined with Attorney DeWitt's claims against Secretary of the State Alex Padilla and the California Citizens Redistricting Commission which neither arise from the same transaction or occurrence nor present common questions of law or fact. Rule 20(a)(2). Attorney DeWitt should *not* serve any defendant in this action until, if ever, leave to amend his complaint is granted.

Attorney DeWitt's motion to refer the case to a three-judge panel is **DENIED**. This is without prejudice to a renewed motion if leave to amend is granted and once the defendants have been served. Such motion should be filed and noticed for a hearing on the normal thirty-five day calendar.

**IT IS SO ORDERED.**

Dated:   January 12, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[4] Attorney DeWitt's tenth claim is not an independent claim but rather a summary of the other claims and a prayer for relief.